# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOUGLASS L. RASMUSSEN,

   Plaintiff,

  v.                 Case No. 07-C-22

BELGIOIOSO CHEESE, INC., ABC
COMPANY, and XYZ COMPANY,

   Defendant.

## MEMORANDUM AND ORDER

  On January 8, 2007, Plaintiff Douglass L. Rasmussen filed this action against his former employer, defendant Belgioioso Cheese, Inc., under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. The complaint alleges that on September 26, 2005, Belgioioso terminated Rasmussen's employment on account of his age, which at the time was 45 years old. (Comp. ¶¶ 8, 12.) The complaint also alleges that during the course of his employment with Belgioioso, Errico Auricchio, the "owner/supervisor" of Belgioioso, touched and poked Rasmussen in his face with whey slime on his hands on six to seven occasions, on another occasion grabbed him by the ear and pulled him a distance of eight feet from a standing to a kneeling position, and repeatedly (approximately 60 times) grabbed him by the arm and forcibly pushed or pulled him from one area of the plant to another. (Compl. ¶ 15.) Based on these allegations, the complaint asserts a pendent state law claim of battery against Belgioioso, and also claims "emotional upheaval" and punitive damages. (Compl. ¶¶ 15-17.) It is unclear whether the allegation of emotional upheaval

is intended to describe the damages flowing from the battery or constitute a separate claim for intentional infliction of emotional distress.

In any event, Belgioioso has filed, in addition to its answer to the complaint, a motion to dismiss all of Rasmussen's claims, with the exception of his ADEA claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Belgioioso argues that Rasmussen's state law claims are barred by the exclusive remedy provision of Wisconsin's Worker's Compensation Act ("the WCA" or "the Act"), that neither punitive damages, nor damages for emotional distress, are available under the ADEA, and that the complaint fails to properly allege jurisdiction over any claims other than Rasmussen's ADEA claim.

In response to Belgioioso's motion to dismiss, Rasmussen wisely does not dispute Belgioioso's contention that damages for emotional distress and punitive damages are not available under the ADEA. That is clearly the law in this Circuit. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (noting that under ADEA, "[p]laintiffs may not ... recover money damages for pain and suffering, nor may they obtain punitive damages"). Instead, Rasmussen contends that his complaint properly states a claim for battery under the common law of the State of Wisconsin over which this Court has pendant, now known as supplemental, jurisdiction under 28 U.S.C. § 1367. The battery claim, Rasmussen contends, falls under the co-employee exception to the exclusive remedy provision of the WCA. And while his original complaint does not name Errico Auricchio, the individual alleged to have committed the battery upon him, as a defendant, Rasmussen contends that Auricchio was acting "as the principal and agent" of Belgioioso and his actions are therefore imputed to the corporation. (Resp. at 2 n.1.) Alternatively, in the event the Court concludes that Auricchio's putative liability for battery cannot be imputed to Belgioioso,

2

Rasmussen has attached to his response a proposed first amended complaint in which he specifically names Auricchio as a co-defendant with Belgioioso.

For the reasons that follow, I conclude that as to Belgioioso, the WCA provides the exclusive remedy for any injury Rasmussen sustained in the course of his employment. Although Rasmussen appears to have a valid claim for battery against Auricchio, he has not named Auricchio in the complaint now properly before me. The claim against Belgioioso for battery will therefore dismissed. In the event Rasmussen seeks to assert such a claim against Auricchio, he must file a motion seeking leave to do so and specifically set forth those facts necessary to establish federal jurisdiction.

**DISCUSSION**

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court over the subject matter related in the complaint. In reviewing the plaintiff's complaint in regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). A motion to dismiss under Rule 12(b)(6), on the other hand, challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Dismissal of an action under such a motion is warranted only if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming

3

all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

The WCA compensates employees who suffer work-related injuries, including mental injuries. Wis. Stat. § 102.03. The Act embodies a legislative compromise between the interests of employees and employers with respect to work-related injuries:

> The legislature resolved the conflict among these interests by establishing a system under which workers, in exchange for compensation for work-related injuries regardless of fault, would relinquish the right to sue employers and would accept smaller but more certain recoveries than might be available in a tort action. As an alternative to liability in tort, employers would pay a fixed amount and would relinquish their common law defenses to tort actions for work-related personal injuries. The exclusive remedy provision was part of the original enactment and is an integral feature of the compromise between the interests of the employer and the interests of the worker.

*County of La Crosse v. Wis. Employment Relations Comm'n*, 182 Wis. 2d 15, 30, 513 N.W.2d 578, 583-84 (1994). The exclusivity provision of the WCA mandates that when the conditions giving rise to liability thereunder exist, "the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier." Wis. Stat. § 102.03(2).

Here, there is no doubt that the conditions giving rise to liability under the WCA existed for any injury Rasmussen may have suffered as a result of the alleged battery by Auricchio. It is clear that both he and Belgioioso were subject to the provisions of the Act and, according to his complaint, he sustained the injuries at work while performing service growing out of or incidental to his employment. Wis. Stat. § 102.03(1)(a), (b) and (c). While the WCA also requires that the injury result from an "accident or disease" arising out of the employment, the Wisconsin Supreme Court has consistently held that "intentionally inflicted injuries are indeed accidents under the

4

WCA." *Jensen v. Employers Mut. Cas. Co.*, 161 Wis. 2d 253, 264, 468 N.W.2d 1, 6 (1991) (*citing Jadofsky v. Iowa Kemper Ins. Co.*, 120 Wis.2d 494, 498, 355 N.W.2d 550 (Ct.App.1984)). Indeed, so clear is Wisconsin law on the issue that in addressing the issue in *Jenson,* the Wisconsin Supreme Court observed "[i]n view of the long consistent holding of Wisconsin courts that uniformly conclude that an intentional act comes within the purview of the WCA, the assertion of the petitioner is hardly worthy of argument." 468 N.W.2d at 6. It thus follows that coverage under the WCA existed for whatever injuries Rasmussen claims to have suffered from the alleged battery by Auricchio and the benefits allowed thereunder constitute his exclusive remedy.

Rasmussen argues, however, that the co-employee exception to the exclusivity provision applies to his battery claim against Auricchio. The WCA explicitly states that the exclusivity provision "does not limit the right of an employee to bring an action against any co-employee for an assault intended to cause bodily harm . . . . " Wis. Stat. § 102.03(2). Since Auricchio is the "owner/supervisor" of Belgioioso, Rasmussen contends that his liability may be imputed to the company. (Resp. at 2 n.1.) It thus follows, Rasmussen argues, that his complaint states a valid claim for battery against Belgioioso and the motion to dismiss should be denied.

Belgioioso responds that Auricchio is not a co-employee within the meaning of the WCA. According to Belgioioso, Auricchio is in essence Rasmussen's employer, and to allow a claim to proceed against him would defeat the purpose of the WCA. In support of its position, Belgioioso cites *Jensen v. Employers Mut. Cas. Co.* and *Hibben v. Nardone*, 131 F.3d 480 (7th Cir. 1998). In *Jenson*, a village clerk/treasurer sued the president of the village for intentional infliction of emotional distress for continually berating and criticizing her in the performance of her job. And in *Hibben*, an employee sued the president and majority stockholder of her employer for intentional

5

infliction of emotional distress caused by his sexual harassment of her. Belgioioso argues that "[d]espite the fact that the offending parties were executives of their respective companies, the courts still found that the plaintiffs' intentional torts were barred by WCA's exclusivity provisions." (Reply Br. at 4.) Since the Wisconsin Supreme Court and the Seventh Circuit rejected the plaintiffs' contention that the co-employee exception applied in those cases, Belgioioso suggests this Court should do likewise.

Belgioioso clearly misreads *Jensen* and *Hibben*. In *Jensen*, the Wisconsin Supreme Court rejected the plaintiff's argument that the co-employee exception to the exclusivity provision of the WCA applied because it concluded there had been no assault. The co-employee exception applies only to an action against a co-employee for "an assault intended to cause bodily harm . . . ." Wis. Stat. § 102.03(2). Since the defendant had not assaulted the plaintiff, the exception did not apply regardless of whether he was a co-employee. *Jensen*, 468 N.W.2d at 9 ("in this case there was no assault and, hence, no exception to the exclusivity of the WCA remedy") Here, by contrast, Rasmussen has asserted a claim of battery which, as *Jensen* also makes clear, is included within the meaning of the term "assault" as it is used in § 102.03(2). 468 N.W.2d at 10.

In *Hibben*, the co-employee exception wasn't even raised since the plaintiff had not even alleged that she was physically assaulted. 137 F.3d at 483. The central issue there was whether intentional infliction of emotional distress through sexual harassment would be considered an accident within the meaning of the WCA. 137 F.3d at 482. Relying primarily on *Jensen*, the Seventh Circuit held in *Hibben* that intentional infliction of emotional distress, even though resulting from sexual harassment, would be considered an accident under the WCA and, thus, the

6

exclusive remedy provision of the WCA applied. Clearly, neither *Jensen*, nor *Hibben*, supports Belgioioso's position.

Without *Jensen* and *Hibben*, Belgioioso has no authority to support its contention that Auricchio cannot be a co-employee. Rasmussen's claim that Auricchio is a co-employee, by contrast, finds general support in the language of the WCA and the cases interpreting it. The WCA broadly defines the term "employee" to include "[e]very person in the service of another under any contract of hire, express or implied . . . ." Wis. Stat. § 102.07(4)(a). The complaint describes Auricchio as the "owner/supervisor and ultimate manager and president of the organization." (Compl. ¶ 8.) Although there is no allegation that Auricchio was paid a salary, a supervisor or manager of a company is generally an employee. Certainly, the mere fact that Auricchio owns all or most of the stock, which is presumably what is meant by the allegation that he is the "owner/supervisor and ultimate manager and president of the organization," does not preclude him from being an employee. The Wisconsin Supreme Court "recognizes and respects the fiction of the corporate entity, and normally when one can qualify as being under a contract of hire, he usually can qualify as an employee, regardless of his ownership rights in the employer corporation." *Marlin Electric v. Industrial Comm'n*, 33 Wis. 2d 651, 658, 148 N.W.2d 74, 78 (1967). Wisconsin courts have repeatedly held, though in somewhat different contexts, that a majority shareholder and/or officer of a corporation can also be an employee of the same corporation. *See, e.g., Marlin Electric*; *Continental Casualty Co. v. Industrial Comm.*, 26 Wis.2d 470, 132 N.W.2d 584 (1965); *Fruit Boat Market v. Industrial Comm.,* 264 Wis. 304, 58 N.W.2d 689 (1953); *Milwaukee Toy Co. v. Industrial Comm.*, 203 Wis. 493, 234 N.W. 748 (1931); and *Columbia Casualty Co. v. Industrial Comm.,* 200 Wis. 8, 227 N.W. 292 (1929).

7

I therefore conclude that Rasmussen's claim of battery against Auricchio may fall within the co-employee exception to the exclusive remedy provision of the WCA. But it does not follow that the same claim can be asserted against Belgioioso. The co-employee exception authorizes suits against co-employees; it does not authorize suits against the employer. Thus, regardless of whether Auricchio's conduct could be imputed to Belgioioso under principles of agency law, *see State v. Steenberg Homes, Inc.*, 223 Wis.2d 511, 520-21, 589 N.W.2d 668, 672 (Ct. App. 1998), Rasmussen's claim against Belgioioso is barred by the exclusive remedy provision of the WCA. *See Stefanski v. R.A. Zehetner*, 855 F. Supp. 1030, 1034 (E.D. Wis. 1994) (dismissing battery claim against employer because it was not asserted against co-employee). It thus follows that Belgioioso's motion for partial dismissal should be granted. His state law battery claim does not lie against his former employer.

Finally, as noted above, Rasmussen attached to his response a proposed first amended complaint in which he explicitly names Auricchio as a defendant. He states that "[i]f the Court finds that it is appropriate, an amendment would be made to the complaint naming Errico Auricchio personally as a Defendant." (Response at 2, n.2.) In effect, he seems to be making an implicit, but conditional, motion for leave to amend. As such, it will be denied.

This is not to say that a proper motion for leave to amend will meet the same fate. Leave to amend pleadings, especially in the early stages of a lawsuit, is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Since I have already concluded that the allegations of the complaint support a claim against Aurricchio, it may seem more expeditious simply to grant Rasmussen leave to file his proposed amended complaint now. Belgioioso argues, however, that Rasmussen's battery claim does not arise out of "a common nucleus of operative fact" and thus does

not fall within the Court's supplemental jurisdiction. (Reply at 5-6.) Its argument is not without merit. Federal courts have "supplemental jurisdiction to the limits that Article III of the Constitution permits and are authorized to hear all claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "Accordingly, judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (*citing United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, it is not apparent from either Rasmussen's original complaint, or his proposed amended complaint, how his battery claim is related to his ADEA claim. It is true that the decision-maker for purposes of the ADEA claim is the same person as the proposed defendant for the battery claim. But other than this connection, it is unclear why they should be tried together. "Two factors courts generally look at to determine whether the state and federal claims are so related as to form part of the same case or controversy are: (1) whether the state claim realleges and incorporates allegations contained in the federal claim and (2) the temporal relationship between the two claims." *Ganan v. Martinez Mfg., Inc.*, 2003 WL 21000385 *2 (N.D.Ill. May 2, 2003). Neither factor supports a finding of supplemental jurisdiction here. In his proposed amended complaint, Rasmussen has not realleged or incorporated the allegations supporting his federal claim in his state claim. And the temporal relationship between the two claims is unclear. Thus, it is not apparent that supplemental jurisdiction would exist over a battery claim against Auricchio. And since Rasmussen only submitted the proposed amended complaint as part of his response to Belgioioso's

motion for partial dismissal, he has not had an opportunity to address Belgioioso's argument that supplemental jurisdiction is lacking.

I conclude that the more prudent action to take at this point is to deny Rasmussen's implied motion for leave to amend and require the filing of a proper motion pursuant to Fed. R. Civ. P. 15, and in accordance with the local rules, *see* Civil L.R. 15.1, if he is intent on adding a battery claim against Auricchio. Of course, he may, after further consideration, conclude that supplemental jurisdiction over such a claim would not exist, and that will end the matter. If, on the other hand, Rasmussen believes the claims "derive from a common nucleus of operative facts," *United Mine Workers v. Gibbs*, 383 U.S. 725, and seeks leave to amend, the parties will have a full opportunity to address the issue before any ruling by the Court.

Accordingly, for the reasons set forth above, the defendant's motion for partial dismissal is granted and all claims against Belgioioso, with the exception of the ADEA claim, are dismissed. Plaintiff's implied motion for leave to file an amended complaint is denied but without prejudice. The previously scheduled hearing on the motion is hereby cancelled, and the clerk shall proceed forthwith to set this matter on the Court's calendar for a Rule 16 scheduling conference.

**SO ORDERED** this      26th      day of July, 2007.

                                                          s/ William C. Griesbach  
                                                          William C. Griesbach  
                                                          United States District Judge